## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Anderson, | No. CV 08-1525-PHX-MHM (MEA) |
| Petitioner, | **ORDER** |
| vs. | |
| Katrina Kane, | |
| Respondent. | |

Pending before the Court is Petitioner Joseph Anderson's (A35-189-461), Motion to Reconsider. (Doc. #5.) The Court will grant the motion, vacate the judgment, and require Respondent to answer the Petition.

**I.    Background**

On January 6, 2008, an Immigration Judge (IJ) entered an order for Petitioner's removal to the Phillippines. On July 14, 2008, the Board of Immigration Appeals (BIA) remanded to the IJ to permit Petitioner to present DNA evidence in support of his claim that Harold Anderson, a United States citizen, is his biological father. On August 5, 2008, the IJ again entered an order for Petitioner's removal from the United States. Petitioner's appeal to the BIA was dismissed on January 21, 2009. Petitioner's petition for review is still pending with the United States Court of Appeals for the Ninth Circuit. Anderson v. Mukasey, No. 09-70249 (9th Cir. pet. filed Jan. 26, 2009). In his petition for review, Petitioner claims that the BIA erred in referring to the law of the Phillippines to determine whether he was legally legitimated by his father.

1    In his Petition for Writ of Habeas Corpus, Petitioner claimed that his detention is
2 unlawful because he is a citizen of the United States. Specifically, Petitioner challenged the
3 IJ's determination that he did not acquire citizenship at birth pursuant to 8 U.S.C. §§ 1401(g)
4 and 1409. On September 18, 2008, citing 8 U.S.C. § 1252 and Iasu v. Smith, 511 F.3d 881,
5 889 (9th Cir. 2007) (challenge to removal orders, based on a claim to citizenship must be
6 brought in a petition for review), the Court dismissed the Petition for lack of jurisdiction.

**II.     Motion for Reconsideration**

On January 27, 2009, Petitioner filed a Motion for Reconsideration, presumably under Rule 60(b)(6) of the Federal Rules of Civil Procedure. Petitioner notes that less than two months after this Court dismissed his Petition, the United States Court of Appeals for the Ninth Circuit held that where a habeas corpus petitioner challenges his detention – rather than his *removal order* – on the grounds that he is a citizen of the United States, 8 U.S.C. § 1252 does not deprive the district courts of jurisdiction. Flores-Torres v. Mukasey, 548 F.3d 708 (9th Cir. 2008) (distinguishing Iasu as involving a challenge only to a *removal order*, not to detention). Under Flores-Torres, a petitioner with a non-frivolous claim to United States citizenship need not wait until his removal proceedings are completed before he can seek habeas corpus review of his claim that his citizenship bars his detention. Petitioner argues that because he presented a non-frivolous claim that his citizenship precludes his detention, the Court should vacate the judgment and allow his habeas corpus case to proceed. The Court agrees.

When a habeas corpus petitioner seeks Rule 60(b)(6) relief based on an intervening change in the law, the court should balance six factors. Phelps v. Alameida, 569 F.3d 1120, 1135-40 (9th Cir. 2009). The first factor is whether "the intervening change in the law . . . overruled an otherwise settled legal precedent." Id. at 1135. This factor favors reconsideration because the question of whether the district courts retain jurisdiction to entertain a habeas corpus petitioner's claim that his citizenship precludes his *detention* was not settled in the Ninth Circuit. Compare Iasu v. Smith, 511 F.3d 881, 889 (9th Cir. 2007) (challenge to removal orders, based on a claim to citizenship must be brought in a petition

1 for review), with Nadarajah v. Gonzales, 443 F.3d 1069, 1075 (9th Cir. 2006) ("the jurisdiction stripping provision [of the REAL ID Act] does not apply to federal habeas corpus petitions that do not involve final orders of removal").

The second factor, whether the petitioner was diligent in raising the issue, also favors reconsideration because Petitioner filed his habeas corpus petition less than a month after the IJ made his second finding that Petitioner was not a United States citizen.

The third factor is whether "the final judgment being challenged has caused one or more of the parties to change his position in reliance on that judgment." Phelps, 569 F.3d at 1138. Here, neither party relied on the judgment to their detriment. In fact, Respondent had not yet even been served with the Petition when it was dismissed. Accordingly, the third factor also favors reconsideration.

The fourth factor is the "'delay between the finality of the judgment and the motion for Rule 60(b)(6) relief.'" Id. (quoting Ritter v. Smith, 811 F.2d 1398, 1402 (11th Cir. 1987)). As in Phelps, Petitioner filed his Motion to Reconsider about four months after the judgment was entered. Accordingly, the fourth factor also favors reconsideration.

The fifth factor is the similarity of the issues involved in the original judgment and in the subsequent decision that changed the law. Phelps, 569 F.3d at 1138-39. Because Flores-Torres directly overruled the basis for the judgment in this case, the fifth factor also favors reconsideration.

The final factor considered in Phelps is the "need for comity between the independently sovereign state and federal judiciaries." Id. at 1139. Here, the underlying decision in question was made by a federal administrative agency, not a sovereign state. Accordingly, reconsideration would not offend the principle of comity between the state and federal judiciaries.

Having considered the factors set forth in Phelps, the Court concludes that Petitioner's Motion for Reconsideration demonstrates the extraordinary circumstances necessary to grant relief under Rule 60(b)(6). Accordingly the Motion will be granted, the judgment will be vacated, and Respondent will be required to answer the Petition.

**III. Warnings**

    **A. Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

    **B. Copies**

Petitioner must serve Respondent, or counsel if an appearance has been entered, a copy of every document that he files. FED. R. CIV. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. FED. R. CIV. P. 5(d). Petitioner also must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

    **C. Possible dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Petitioner's Motion for Reconsideration (Doc. #5) is **granted** and the Judgment (Doc. #4) entered on September 18, 2009, is **vacated**.

(2) The Clerk of Court must serve a copy of the Summons, Petition (Doc. #1) and this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. The Clerk of Court also must send by certified mail a copy of the Summons, Petition and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondent pursuant to Rule 4(i)(2).

(3) Respondent must answer the Petition within 20 days of the date of service. Respondent must not file a dispositive motion in place of an answer without first showing

cause as to why an answer is inadequate. Petitioner may file a reply within 20 days from the date of service of the answer.

(4) The matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 21st day of September, 2009.

/s/ Mary H. Murguia
Mary H. Murguia
United States District Judge