IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JOSEPH ANDERSON, | ) |
| Petitioner, | ) CIV 08-01525 PHX MHM (MEA) |
| v. | ) REPORT AND RECOMMENDATION |
| KATRINA KANE, | ) |
| Respondent. | ) |

**TO THE HONORABLE MARY H. MURGUIA:**

    Mr. Joseph Anderson ("Petitioner"), who is confined at the Pinal County Jail, filed a *pro se* Petition for Writ of Habeas Corpus ("Petition") pursuant to 42 U.S.C. § 2241 on August 18, 2008. Petitioner alleges his detention by Respondent is unlawful because he is a United States citizen. The petition was dismissed on September 18, 2008. See Docket No. 4.

    On September 22, 2009, the Court granted Petitioner's motion for reconsideration and reopened this matter and ordered Respondent to file an answer to the petition. Respondents filed an answer to the petition on November 12, 2009. See Docket No. 15. Petitioner filed a reply to the answer to the petition on January 4, 2010. See Docket No. 18.

**1. Procedural History**

Petitioner is a native of the Philippines, born in December of 1974. See Answer, Ex. A. Petitioner's mother and Mr. Harold Anderson, who served in the United States Navy, were married in 1975. Petitioner was admitted to the United States as an immigrant, on or about February 16, 1978, at or near Anchorage, Alaska. See id., Ex. A.[1] At some point Petitioner obtained the status of a lawful permanent resident. See id., Exh. F.

On or about November 26, 2003, Petitioner was convicted by the Maricopa County Superior Court on a felony count of sale or transportation of methamphetamine. See id., Ex. C. Petitioner was sentenced to five years imprisonment pursuant to this conviction. See id., Ex. C. On the same date Petitioner was also convicted by the Maricopa County Superior Court on one felony count of weapons misconduct. See id., Ex. C. Pursuant to this conviction, Petitioner was sentenced to a concurrent term of two and a half years imprisonment. See id., Ex. C.

The Department of Homeland Security ("DHS") issued a Notice to Appear on June 19, 2007, charging Petitioner was removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii)), i.e., because Petitioner was an alien who had been convicted of an offense of trafficking in a controlled substance. Id., Exh. D. The Notice to Appear also charged Petitioner was removable pursuant to 8 U.S.C. § 237(a)(2)(B), because he had been

---

[1] The alien record at Exhibit A indicates both that Petitioner is a native and citizen of Mexico and that he is a native of the Philippines and a citizen of Mexico.

-2-

convicted of a crime related to a firearm. Id., Exh. D.

On January 23, 2008, Petitioner submitted written pleadings denying all factual allegations and charges of removability in the Notice to Appear. See id., Ex. E. Petitioner claimed he was not an alien subject to removal because he acquired citizenship from his father, Harold Anderson. See id., Ex. E. An Immigration Judge ("IJ") considered this claim and found there was no evidence that Harold Anderson was Petitioner's biological father. The IJ found Petitioner had established only that Harold Anderson was Petitioner's stepfather. See id., Exh. F. The IJ determined that, because Petitioner had not established a blood relationship between himself and Harold Anderson, Petitioner had not established his citizenship pursuant to United States law. See id., Ex. F. Accordingly, the IJ sustained all the factual allegations and charges in the Notice to Appear and ordered Petitioner removed to the Philippines. See id., Ex. G.

Petitioner timely appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). On July 14, 2008, the BIA ruled that further evidence was necessary to complete the record. See id., Ex. H. The BIA remanded the matter back to the IJ to allow Petitioner to present further evidence of a blood relationship between Petitioner and Harold Anderson, such as DNA evidence. See id., Ex. H.[2] However, on remand, Petitioner did not proffer further evidence of a blood

---

[2] "Evidence of foreign birth, however, gives rise to a rebuttable presumption of alienage, and the burden then shifts to the petitioner to prove citizenship." Scales v. I.N.S., 232 F.3d 1159, 1163 (9th Cir. 2000).

relationship with Mr. Anderson.³ Accordingly, the IJ again ordered Petitioner removed to the Philippines. See id., Ex. I.

On July 29, 2008, Petitioner filed an appeal in the Ninth Circuit Court of Appeals (Docket No. 08-73284). The appeal was dismissed on December 3, 2008, because Petitioner's order of removal was not administratively final.

Petitioner timely appealed the IJ's second decision ordering him removed from the United States to the BIA. On January 21, 2009, the BIA dismissed Petitioner's second appeal and also dismissed his motion to reconsider, rendering the order of removal administratively final. See id., Ex. J.

However, on or about August 15, 2008, before Petitioner's immigration proceedings were administratively final, he filed a Petition for Writ of Habeas Corpus pursuant to section 2241 in this Court. On September 18, 2008, citing 8 U.S.C. §1252 and Iasu v. Smith, 511 F.3d 881, 889 (9th Cir. 2007), the Court dismissed the petition for lack of jurisdiction. See Docket No. 3.

On January 27, 2009, Petitioner filed a Motion for Reconsideration of the Court's decision dismissing his habeas petition, citing Flores-Torres v. Mukasey, 548 F.3d 708 (9th Cir. 2008), as authority for the proposition that 8 U.S.C. § 1252 did not strip the District Court of jurisdiction to hear claims in cases where there was no final order of removal. The Court agreed and reinstated the original habeas petition on September 22, 2009, although Petitioner's order of removal had

---

³ Petitioner asserts in his habeas petition that Mr. Anderson died in 2000 or 2001.

become administratively final on January 21, 2009. See Docket No. 6.

On June 23, 2009, Petitioner requested a custody redetermination hearing pursuant to Casas-Castrillon v. DHS, 535 F.3d 942 (9th Cir. 2008). See id., Ex. K. A bond hearing was conducted July 2, 2009. The IJ then ordered Petitioner's release upon a posting of a $10,000 bond. On January 26, 2009, Petitioner sought review by the Ninth Circuit Court of Appeals of the IJ's decision requiring he post bond in order to be released from custody. Petitioner, through counsel, filed his opening brief in support of his Petitioner for Review in the Ninth Circuit on November 5, 2009. See id., Ex. L. See also Ninth Circuit Docket No. 09-70249. The answering brief in that matter is due on February 11, 2009. In his petition for review before the Ninth Circuit Petitioner argues, *inter alia*, that the order of removal is improper because Petitioner is a United States citizen through his father, Harold Anderson. Answer, Exh. L.

In his section 2241 habeas petition pending before this Court, Petitioner contends he is not properly in ICE custody because he is a United States citizen. In support of this argument Petitioner cites Scales v. INS, 232 F.3d 1159 (9th Cir. 2000). Petitioner acknowledges he has an appeal pending in the Ninth Circuit Court of Appeals, which appeal includes the issue of his citizenship.

Respondent asserts the Court does not have jurisdiction to adjudicate a citizenship claim following the issuance of a final administrative decision finding the petitioner removable

1 and that the petitioner is not a citizen. Respondent argues
2 that, because Petitioner is now subject to a final order of
3 removal, the only available review of his citizenship claim is
4 pursuant to 8 U.S.C. § 1252(b)(5). Respondent contends the
5 Court may not decide the merits of Petitioner's detention
6 because Petitioner's argument regarding the validity of his
7 detention is predicated on his claim of citizenship.

**2. Analysis**

Respondent argues:

> Petitioner is not entitled to immediate release. Since the filing of his habeas petition, his administrative proceedings have terminated and he is now under a final order of removal. In addition, his Petition should be dismissed because Petitioner has filed a brief with the Ninth Circuit Court of Appeals in support of his Petition for Review of the Board of Immigration Appeals' final order of removal. In that brief Petitioner, through counsel, argues at length the very issue of his claim of United States citizenship. That court alone now must make this determination.

Petitioner is now being detained pursuant to an order of removal which is administratively final, the propriety of which he has appealed to the Ninth Circuit Court of Appeals. Section 106(a)(3) of the REAL ID Act of 2005 amended 8 U.S.C. § 1252 to prevent the District Courts from entertaining a "claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1) of this title." Subsequent to the REAL ID Act, the District Courts have jurisdiction over a section 2241 petition only to consider the merits of the petitioner's claim that his <u>detention</u>, rather than the validity of the petitioner's order of removal, violates federal statutes or his constitutional rights. See

Arreola-Arreola v. Ashcroft, 383 F.3d 956, 964-65 (9th Cir. 2004); Moallin v. Cangemi, 427 F. Supp. 2d 908, 920 (D. Minn. 2006). The Ninth Circuit Court of Appeals has concluded that the District Courts have section 2241 jurisdiction only if the issue of petitioner's detention is distinct from the issue of the propriety of their removal. See Nadarajah v. Gonzalez, 443 F.3d 1069, 1075-76 (9th Cir. 2006).

Federal statutes provide an individual "may have such nationality claim decided only as provided in this paragraph [(section 1252(b)(5))]." 8 U.S.C. § 1252(b)(5)(C) (2005 & Supp. 2009). Section 1252 specifies that, if a section 2241 petitioner's claim for relief is predicated on a claim that they are a United States citizen, the Circuit Court of Appeals may either adjudicate the claim or transfer the matter to the District Court if the appellate court finds that "a genuine issue of material fact about petitioner's nationality is presented." Id. 1252(b)(5)(A) & (B). See also Iasu v. Smith, 511 F.3d 881, 892 n.9 (9th Cir. 2007); Taniguchi v. Schultz, 303 F.3d 950, 955 (9th Cir. 2002); Omolo v. Gonzales, 452 F.3d 404, 406 (5th Cir. 2005) (concluding the District Court lacked jurisdiction to review a nationality claim raised in habeas proceedings by an alien whose order of removal was administratively final).

Petitioner's case is now distinguishable from the case upon which he relied when seeking reconsideration of the Court's decision dismissing his petition for lack of jurisdiction. See Carrillo-Loano v. Stolc, ___ F. Supp. 2d ___, 2009 WL 3818841, at *3-4 (D. Ari.) Compare Flores-Torres v. Mukasey, 548 F.3d

708, 711 (9th Cir. 2008) (distinguishing a petition challenging detention *prior* to the issuance of a final order of removal and concluding that when there was no final order of removal jurisdiction was not precluded by the REAL ID Act). Petitioner now seeks adjudication in this Court of a citizenship claim, *after* a final order of removal has been issued. Deliberating the merits of Petitioner's claim by this Court at this time would duplicate the effort of the Ninth Circuit Court of Appeals which is currently considering the exact issue in Petitioner's appeal of his order of removal and his detention.

Additionally, the Ninth Circuit Court of Appeals recently concluded, in a case wherein the facts are similar to Petitioner's, i.e., where the petitioner could not establish that there was a blood relationship with the citizen father, that the petitioner was not a United States citizen. See Martinez-Madera v. Holder, 559 F.3d 937, 938-39 (2009), cert. denied, 78 U.S.L.W. 3184 (Jan. 11, 2010).

Petitioner's case is also distinguishable from the case he cites as warranting relief. In Scales v. INS, 232 F.3d 1159 (9th Cir. 2000), the Ninth Circuit found that there was an "existing marital relationship between one of the biological parents and the stepparent *at the time the child was born* so that the child was not considered to be illegitimate or born out of wedlock and was therefore not barred from establishing citizenship under 8 U.S.C. §1401(g)." Martinez-Madera, 559 F.3d at 940 (emphasis added). See also Solis-Espinoza v. Gonzales, 401 F.3d 1090 (9th Cir. 2005). Petitioner's mother, a Philippine citizen at the time of Petitioner's birth, did not

-8-

marry his United States citizen father until after he was born, although Mr. Anderson is listed on Petitioner's birth certificate as his father. See Petition at 4.

**3. Conclusion**

Petitioner is now being detained pursuant to a final order of removal. The claim Petitioner seeks to raise in this Court as a basis for his release from detention, i.e., that he is a United States citizen, is currently being considered by the Ninth Circuit Court of Appeals, which has jurisdiction over the issue pursuant to 8 U.S.C. § 1252.

**IT IS THEREFORE RECOMMENDED** that Mr. Anderson's Petition for Writ of Habeas Corpus be **denied and dismissed.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 10th day of February, 2010.

_____
Mark E. Aspey
United States Magistrate Judge